ROSETTA DAVIS CARNEY V. THE STATE.

No. 11744.    Delivered May 16, 1928.

1.—Murder—Character Witness—Cross-Examination—Improper.

Where, on a trial for murder, there being a sharp issue as to whether the death of deceased resulted from wounds, or improper treatment of the wounds, it was error to permit the state on cross-examination of a character witness to prove that said witness had heard that deceased was cut by appellant, and had died as the result of such cuts. See Woodward v. State, 289 S. W. 407.

2.—Same—Charge of Court—Failure to Define "Deadly Weapon"—Error.

Where, on a trial for murder, the wounds on deceased being inflicted with a knife about two and one-half inches in length of blade, the court, in his charge, failed to define a "deadly weapon." The knife, not having been shown to be a deadly weapon per se, the court should have defined a deadly weapon under the facts in this case. See Kouns v. State, 3 Tex. Crim. App. 13; Lawson v. State, 32 S. W. 875.

3.—Same—Requested Charge—Presenting Defensive Theory—Improperly Refused.

Where, on a trial for murder, appellant requested a special charge to the effect that if the death of deceased was due to improper treatment of her wounds and was not directly caused by the injury that she would not be guilty of murder. There being ample evidence supporting the defensive theory, it was error to refuse the requested charge. See Arts. 1202 and 1203, P. C., 1925.

4.—Same—Continued.

The accused is always entitled to have any defense, supported by affirmative evidence, submitted to the jury. See Modica v. State, 285 S. W. 825, and Simms v. State, 4 S. W. (2d) 557.

Appeal from the District Court of Robertson County.  Tried below before the Hon. W. C. Davis, Judge.

Appeal from a conviction of murder, penalty four years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, Judge.—Appellant was indicted for the murder of Lessie Samuels, and convicted, penalty four years in the penitentiary.  Appellant and deceased were negro women.  A difficulty ensued between them in which appellant cut deceased with a knife, described by some of the witnesses as having a blade about two and a half inches long.  There were two rather severe wounds on the body of deceased.  These were packed with cobwebs by the father of the deceased soon after she was cut.  She died about a week later from blood poisoning.  The attending physician testified that her wounds were not necessarily fatal.  He gave it as his opinion that the germs that set up the blood poison got into the blood streams from these cobwebs and dust that were put in the wounds by the father of deceased.  He testified further, however, that such might have come from the knife.  The issue was sharply drawn as to whether death was proximately caused by the knife wounds or by germ-laden cobwebs stuffed into such wounds, as stated above.

Appellant introduced evidence of her good reputation.  On cross-examination over proper objection witness was permitted to testify that he "heard that she, defendant, cut Lessie Samuels (the deceased) and that she died from the cuts."  It further appears that the question was asked if said witness believed that a person had a good reputation who kills another.  It is urged that this was inadmissible because the inquiry should have been directed to a time antecedent to the commission of the alleged offense.  This contention is undoubtedly correct, but we observe the appellant herself improperly directed her inquiries so as to include the time antecedent to the trial rather than the offense.  Under these circumstances she could not complain of the question.  However, the statement to the effect that the witness had heard that deceased was cut and died from such cuts presents a different question.  This was upon one of the sharp and hotly contested issues of the trial, that is, whether the deceased actually died from such cuts or from

the poison injected into the blood streams from contact with dirty cobwebs. A character witness was thus permitted to give hearsay testimony upon this issue. He is not shown to have been qualified to give an opinion from personal observation and knowledge and could not, of course, make a statement which amounted to the repetition of a hearsay opinion upon the issue of what killed deceased. Woodward v. State, 289 S. W. 407.

The court in his charge uses the word "deadly weapon" in referring to the killing of deceased by appellant. He nowhere defines "deadly weapon." The average juror might regard a knife of the character shown in the record as a deadly weapon per se. That it is not such a weapon has been frequently decided. Hilliard v. State, 17 Tex. Crim. App. 210; Branch's P. C., 934. The court should have in his charge under the facts of this case defined a deadly weapon. This especially in view of the proof showing the wounds inflicted were not necessarily fatal and the size of the knife. Kouns v. State, 3 Tex. Crim. App. 13; Lawson v. State, 32 S. W. 895.

The appellant insists that there should have been a direct and pertinent application of her defense by the court in his charge to the jury and that the jury should have been instructed in substance that if the jury find from the evidence that deceased died because of the application of cobwebs to her wounds and that not from the wounds as originally inflicted, to acquit her of the offense of murder and next consider whether or not she was guilty of any other offense set out in the charge of the court. While the charge requested may not have been strictly accurate, we think that a direct and pertinent submission of the defensive theory of appellant should have been given the jury. We regard the language of paragraph 7 of the court's charge as perhaps too general. It does not call the jury's attention directly to appellant's theory of the death of deceased being caused by the application of cobwebs to her wounds. While this error alone might not justify a reversal, in view of the disposition we make of the case, we suggest to the court that a more direct and pertinent application be given of appellant's defense. Under the terms of Arts. 1202 and 1203, P. C., appellant is not guilty of murder if her theory is correct. There is abundant evidence to support same. The accused is always entitled to have any defense supported by evidence affirmatively submitted to the jury. Modica v. State, 285 S. W. 825, and authorities there cited. Simms v. State, 4 S. W. (2d) 557.

Other bills not discussed we believe to be without merit.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.