## Lewis Beverly v. The State.

No. 18637.   Delivered December 23, 1936.

The opinion states the case.

*Price & Moss*, of Post, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of murder with malice, and his punishment was assessed at confinement in the state penitentiary for a term of ten years.

Appellant's first contention is that the court erred in declining to instruct the jury on the law of accidental homicide. In order to properly dispose of this question we deem it necessary to make a rather extended statement of the testimony adduced at the trial.

The testimony adduced by the State shows that on Sunday morning, sometime after appellant, the deceased, and Blue Ross had returned from a dice game, the deceased came to appellant's cafe where a number of negroes and a Mexican had congregated.  From the cafe they went into the living apartment of appellant where they engaged in a game of dice. During the progress of the game a controversy arose between appellant and deceased over the game, which resulted in the suspension of it.  Deceased and several other parties left, went through the cafe to the rear of the building where they partook

of some whisky which the Mexican had in his possession. In a short time the deceased returned to the cafe, started back into the kitchen, and demanded that appellant give him a quarter, to which appellant replied that he did not owe him any quarter, and shoved the deceased back saying, "I have told you about that." At this juncture appellant drew his pistol and when he had it in shooting position the gun fired and deceased fell to the floor near the icebox. A deputy sheriff, who arrived on the scene a few minutes after the shot was fired, inquired of defendant what was going on—to which he replied, "We had an accident." The State further proved by a negro that the deceased did not do or say anything at the time he was shot, but he heard appellant say, "Let's make it an accident."

Appellant's version of the affair was that on Sunday morning Will Fisher and Earnest Fleming came to his, appellant's, restaurant and told him that they had seen deceased, and that he told them that appellant owed him a quarter of a dollar and if he did not pay him that he would "stomp his guts out." Later the deceased came to the restaurant, entered appellant's living apartment, and engaged in a game of dice. After the dice game was broken up, the deceased went out into the back yard and appellant went to the kitchen to prepare his dinner. The deceased re-entered the cafe, went back to the kitchen and said, "How about that quarter," to which appellant replied, "I do not owe you a quarter." Whereupon the deceased remarked, "Well, I am going to have that quarter or stomp your guts out." Appellant requested the deceased to let him alone, shoved him into the cafe, and told him to leave; that when appellant started to go back into the kitchen the deceased grabbed him and acted like he was going to get a "soda-pop" bottle, which frightened appellant, and he threw up the gun and it went off. He said that he did not intend to kill him, but only tried to bluff him; that the deceased was a much larger and stronger man than he, appellant; that they were friends and had never had any trouble up to the time of the alleged homicide.

If the testimony above quoted raises the issue of accidental killing, and we think it does, then appellant was entitled to an instruction thereon. It is the settled law of this State that when an issue is raised which is favorable to the accused, it should be submitted to the jury for their determination. If the jury believed the testimony of the appellant, he was entitled to an acquittal on the ground of accidental discharge of the pistol; and whether they believed it or not, he was entitled to

have the jury pass on the matter. In support of what we have said we refer to the cases of Harris v. State, 274 S. W., 568; Lacy v. State, 268 S. W., 732; and Andrews v. State, 275 S. W., 1024.

Appellant's next contention is that the court erred in declining to instruct the jury on the law of self-defense with reference to a milder attack than one to kill or inflict serious bodily injury. It occurs to us from the record that appellant was not entitled to such an instruction because the issue is not raised by any testimony.

The other matters complained of will most likely not arise upon another trial, and, therefore, we deem it unnecessary to discuss the same.

It is therefore ordered that the judgment of the trial court be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.