CHARLES SMART V. THE STATE.

No. 21301. Delivered December 4, 1940.
Rehearing Denied January 22, 1941.

The opinion states the case.

*B. N. Richards* and *F. H. Richards,* both of Dalhart, for appellant.

*Milton Tatum,* District Attorney, of Dalhart, *Underwood, Johnson, Dooley & Wilson,* of Amarillo, and *Lloyd W. Davidson,* State's Attorney of Austin, for the State.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the state penitentiary for life.

The indictment in this case embraced four counts, but the court submitted it to the jury only on the second count, which charged that on or about the 8th day of May, 1940, in the County of Dallam and State of Texas, Charles Smart did then and there unlawfully, voluntarily and with malice aforethought kill Richard Jones by cutting him with a sharp instrument, a further description thereof being unknown to the grand jurors, etc.

Appellant made a motion to quash the indictment. The court overruled the motion, whereupon appellant then and there excepted to the ruling of the court and by proper bill of exception brought the matter of this court for review. We have examined the bill of indictment and deem it sufficient to charge the offense.

Appellant then filed a motion for a continuance based on the ground that the knife or sharp instrument alleged to have been used in the commission of the offense had not been found although diligent search therefor had been made; that unless further time was granted in which to search for it appellant could not obtain a fair and impartial trial. The court also overruled this motion to which appellant excepted and brings the same to this court for review. We do not find any error in the court's ruling. It seems that a diligent search was made immediately for a sharp instrument at the place where the alleged offense occurred and in the immediate vicinity for several days without avail. It occurs to us, as it no doubt did to the trial court, that further time to renew or continue the search for the knife would not have resulted in its discovery but only tended to delay the trial of the case.

Appellant filed a motion for a change of venue which was contested by the State. The court heard the evidence relative to the issue joined, and at the conclusion thereof also overruled it. We think the court was fully justified in his ruling. Most of appellant's witnesses admitted that while there was some discussion of appellant's unenviable reputation which he had established for himself, yet, they said that he could get a fair and impartial trial in Dallam County; that the case had not been prejudged and no general feeling of resentment prevailed throughout the county. As a general rule, the granting or refusal of a motion for a change of venue rests within the sound discretion of the trial court, and unless he has abused his discretion to the prejudice of the accused no reversible error is shown.

Appellant, in due time, addressed six exceptions to the court's charge and requested a number of special instructions to

the jury. We do not deem it necessary to discuss them all in view of the disposition we are making of the case.

Appellant objected to the court's charge because it did not submit to the jury his defensive theory in an affirmative way. The record before us shows that appellant's theory was that the deceased was cut in the leg by his own pocket-knife in his own hands. The testimony shows that the appellant and deceased engaged in an altercation in a dimly-lighted hallway leading from the main part of the restaurant to a toilet located in the rear thereof. Appellant seems to have precipitated the fight by striking the first blow. After a few licks had passed between them they clinched, fell to the floor where they struggled a few minutes, when they ceased fighting at the request of Mrs. Starkey, the wife of the proprietor of the cafe. Appellant went from the hallway into the cafe and sat down on a stool at the counter while the deceased walked out into the street where he fell, leaving a stream of blood along the route he walked. He was taken to the hospital where he died as a result of the loss of blood. Appellant was arrested while still in the cafe and taken to jail. He, too, had a cut under his arm and a doctor was summoned to administer medical treatment to him. However, his wound proved to be only skin deep. Appellant denied that he had a knife or that he cut the deceased. At the time of the difficulty there were in the hallway, besides the combatants, James Spann, Robert Green and J. Whitby. None of the witnesses saw a knife in the hands of either of the combatants. Spann testified that he saw something in the hand of appellant but did not know what it was. After the deceased was undressed there was found a pocket-knife in the pocket of his overalls. This knife had some blood on it, but there was considerable blood on his overalls and in the pocket. Consequently, the blood on the knife is not of much significance, nor is the fact that no knife was seen in the hands of either of the parties because it was night-time and the only ray of light in the hallway came through a small opening about one foot square in the wall of the kitchen.

The only instruction which the court gave relative to appellant's defensive theory of accident reads as follows: "I further instruct you that if you believe from the evidence, beyond a reasonable doubt, that the defendant, on the 8th day of May, 1940, did use a sharp instrument, and you further believe beyond a reasonable doubt, he cut Richard Jones, with the same, you will acquit the defendant, unless you further believe beyond a reasonable doubt, that the Defendant knew he so cut said

Richard Jones, and had the present intention to do so, and if you have a reasonable doubt that Defendant knew he cut Richard Jones; if you believe beyond a reasonable doubt he did so, or if you have a reasonable doubt that Defendant had the present intention to cut Richard Jones; if you believe he did so, you will give the Defendant the benefit of the doubt, and acquit him."

The court also gave the following charge at the request of appellant: "You are charged that if you find and believe from the evidence that the deceased, Richard Jones, came to his death by accidental means, or if you have a reasonable doubt thereof, you will give him the benefit of the doubt, and say by your verdict, not guilty."

This court has consistently held that the trial court should, in an affirmative way, instruct the jury upon the law applicable to every defensive issue. In this case, the evidence supported the theory of an accidental cutting of the deceased by a knife or sharp instrument in his own hand and not in the hands of the appellant. It is true that the court gave the instruction relative to accidental cutting but the jury may have concluded that it had reference to the accidental cutting of the deceased by appellant. Appellant requested the following special charge which the court declined to give: "Gentlemen of the Jury: If you find and believe from the evidence that the deceased, Richard Jones, came to his death, from a wound inflicted by a knife in his own hands or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict not guilty."

We think that the trial court fell into error in declining to give the foregoing instruction or one of like import, because it did directly and pertinently present the issue that if the infliction of the wound was caused by a knife in the hands of the deceased the appellant should be acquitted. The court's instructions did not distinctly and in an affirmative way, present the issue raised by the evidence. See Freeman v. State, 52 Texas Cr. R. 500; Buchanan v. State, 74 S. W. (2d) 1022; Beverly v. State, 131 Texas Cr. R. 433, (99 S. W. (2d) 925).

We suggest that if upon another trial the evidence is similar to that adduced upon this trial that the court should instruct the jury relative to the law of circumstantial evidence. The court should also in his charge on self-defense incorporate the words, "as viewed by him from his standpoint."

The complaint directed at the argument will most likely not

arise again upon any subsequent trial; hence we pretermit a discussion thereof.

The court's charge on the question of intent was predicated upon Art. 1261, P. C. This article has been repealed and should not have been given application.

For the error herein discussed, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON STATE'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

The record has been carefully re-examined in the light of the State's motion for rehearing. We think the original opinion correctly disposed of all questions discussed therein.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.