Sanders **MITCHELL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 49216.

Court of Criminal Appeals of Texas.

Dec. 4, 1974.

Rehearing Denied Jan. 22, 1975.

Joe B. Goodwin, Court appointed, Beaumont, for appellant.

Tom Hanna, Dist. Atty. and John R. DeWitt, Asst. Dist. Atty., Beaumont, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

Appellant in a trial before a jury was convicted of possession of heroin. Punish-

ment, assessed by the jury, is for twenty-five years.

Appellant initially asserts that the evidence is insufficient to show that he knowingly possessed the heroin.

Viewed in the light most favorable to the verdict, the record reflects the following:

At about 9:30 P.M. on March 6, 1971, Officer Collins and three other members of the Port Arthur Police Department, dressed in plainclothes, executed a search warrant at the residence of Audrey Harris in Port Arthur. The officers approached the screen door to the front porch of the house and knocked. Audrey Harris and appellant came from the living room to the porch door. As Collins offered to give her the warrant, she and appellant, both of whom had talked to Collins on other occasions, ran back to the living room. Collins and another officer opened the screen door and followed them. Audrey Harris stopped in the living room, but appellant ran into a bathroom, in the rear of the house, with Collins running after him. When Collins reached the bathroom, appellant was "squatting" down with his hand in the commode with the water over his wrist. Some small pieces of paper, apparently from a sheet of a magazine, were in the water. Another man, Robert McCarver, was in the bathroom at the time.

Collins took appellant and McCarver to the living room and then returned with another officer to search the bathroom. They found, lying on a clothes hamper about two feet from the commode, an aluminum foil package containing twenty-four small brown paper squares "a little larger than a postage stamp." The papers were similar to the pieces found in the commode. Each piece of paper in the foil package contained a white powder which, on chemical analysis, proved to be heroin. Also found on the hamper was a "cooker" or "burnt bottle top" with a small piece of cotton, used to cook heroin before taking it.

The pieces of paper found in the commode were examined by another officer, who destroyed them. The water in the commode was clear, and there was nothing to indicate that it had been recently flushed. There was no evidence of heroin being found in the commode, and none was found on appellant's person. There was no evidence of appellant being a heroin user.

In a further search of the premises, ten additional papers containing heroin were found underneath the living room door "stoop." The papers were similar to those found in the bathroom.

The appellant did not take the witness stand. Audrey Harris testified as a defense witness. She took full responsibility for the heroin found in her home, and stated that appellant and McCarver had come to her residence that night to take her to a washateria and did not know of the heroin being in her house.

The court's charge to the jury contained instructions on the law of circumstantial evidence and of principals.

■ Possession of narcotics need not be exclusive. Evidence which shows that the accused jointly possessed the contraband with another is sufficient. Simpson v. State, Tex.Cr.App., 486 S.W.2d 807; Adair v. State, Tex.Cr.App., 482 S.W.2d 247. Facts and circumstances may be sufficient to show that the accused and others acted together in possessing a narcotic. Adair, supra. However, proof of mere presence at a place where narcotics are possessed by others does not, in itself, justify a finding of joint possession. Reid v. State, Tex.Cr.App., 474 S.W.2d 702.

■ In order to justify a conviction for possession of a narcotic drug, the State must prove two elements, (1) that the defendant exercised care, control or management over the contraband, and (2) that he knew that the substance he possessed was a narcotic. Powell v. State, Tex.Cr.App., 502 S.W.2d 705; Floyd v. State, Tex.Cr.

App., 494 S.W.2d 828; Collini v. State, Tex.Cr.App., 487 S.W.2d 132; Ramos v. State, Tex.Cr.App., 478 S.W.2d 102.

As circumstances to prove an affirmative link between appellant and the heroin, the State relies upon the behavior of appellant on this occasion. When the officers knocked, appellant came to the porch door with the owner. He ran back into the house when Collins said "we were police officers and we had a search warrant." Although Audrey Harris stopped in the living room, appellant ran into a small bathroom and was found by Collins with his hand deep in the commode, and small pieces of paper, similar to those with which the heroin was wrapped, were seen in the commode. The package of heroin was within easy reaching distance of appellant. Collins testified that when he found the package containing the heroin "one or two of the little papers was visible from a small opening in the top of the aluminum foil." From this, together with the other facts in evidence, the jury could conclude that appellant had taken some papers from the foil and thrown them in the commode but didn't have time to put all in since Collins entered the bathroom too soon for him.

It is true, as appellant argues, that a better case might have been made if the officers had saved the pieces of paper taken from the commode so that they could have been chemically examined. However, they did not do so, and the State has accounted for its inability to produce the papers in court.

The flight of appellant as soon as he learned that officers were at the door with a search warrant would not, if standing alone, be sufficient evidence of guilt. However, when accompanied by the other facts in evidence, it is a strong circumstance of guilt. As stated by this Court in Waters v. State, Tex.Cr.App., 491 S.W.2d 119, 121:

"Another important element in this case, showing evidence which tends to exclude every reasonable hypothesis except guilt of the appellant, is flight. This type consciousness of guilt is one of the strongest kinds of evidence of guilt, and is admissible for that purpose. See, e. g., Crenshaw v. State, Tex.Cr.App. 389 S.W.2d 676."

See also Lewis v. State, Tex.Cr.App., 502 S.W.2d 699; Floyd v. State, supra.

We conclude that the facts and circumstances in evidence are sufficient to link affirmatively appellant to knowledge and possession of the heroin found in the bathroom. Barnes v. State, Tex.Cr.App., 504 S.W.2d 450; Hineline v. State, Tex.Cr. App., 502 S.W.2d 703; Adair v. State, Tex.Cr.App., 482 S.W.2d 247.

Appellant's second ground of error reads:

"The Court erred in failing to affirmatively instruct the jury that mere presence or knowledge of an offense does not make one a principal as is set forth in Ware v. State, 467 S.W.2d 256, and to affirmatively instruct the jury that they cannot convict the defendant in this cause if he were merely present, even though he may have known that narcotics were possessed by one or more others at the place in question, unless they further find and believe that he exercised the actual care, control, and management of the narcotics at the time in question.'

Appellant's discussion under this ground specifically refers us to paragraph 3 of his objections to the charge, which reads substantially as does his ground of error.

His third ground reads:

"The trial court erred in failing to heed the requested instructions of the appellant found in paragraph 4 (R.13, 14) as follows:

" 'The defendant respectfully requests as a part of the law on principals that the

Court instruct the jury as follows: "You cannot convict the defendant in this case merely because he is present when narcotics, if any, was possessed by some other person or persons; and if you find from the evidence, or if you have a reasonable doubt, thereof, that narcotics, if any, was possessed or controlled by Audrey Mae Harris or Robert McCarver, or both of them, and the defendant was merely present and did no acts in furtherance of the possession of the said narcotics, if any, and had not agreed to its possession and that the defendant had no care, control or management of the same, then, and in that event you will find the defendant not guilty." ' "

The extract from Ware v. State, supra, relied on by appellant in his second ground has reference to defendant Ware's contention that he was entitled to disclosure of the name of the informer. We copy from appellant's brief his quotation from *Ware* on which he depends:

"Appellant contends that the identity of the informant was important here because the evidence shows that the informant was a principal in the possession because the informant saw appellant conceal the heroin in a chair. This allegation, if true, would not make one a principal. Mere presence or knowledge of an offense does not make one a principal. See II Branch's Annotated P.C. 2nd § 709 and the authorities therein cited."

In the instant case, the court defined the term possession as meaning "the care, custody, control or management of the item in question." This definition has been frequently approved by this Court. See Aranda v. State, Tex.Cr.App., 506 S.W.2d

221, 225, and cases cited; Garza v. State, Tex.Cr.App., 468 S.W.2d 440.

In connection with its definition of principals,[1] the court instructed the jury that "Mere presence alone will not constitute one a principal."

The charge in applying the law of principals instructed the jury to convict if it believed beyond a reasonable doubt that appellant acting alone or as a principal with Audrey Mae Harris and Robert McCarver, or either of them, possessed heroin or had the same under his care, custody, control or management. Conversely, the court instructed the jury to acquit if it had a reasonable doubt as to such possession.

In addition, the court instructed the jury as follows:

"You are instructed that you cannot convict the defendant unless you find from the evidence beyond a reasonable doubt that State's Exhibit Numbers Three, Four, and Six, or any one or more of them, introduced by the State, is heroin, and unless you further find from the evidence beyond a reasonable doubt that the defendant, acting alone or together with Audrey Harris and Robert McCarver, or either or both of them, as principals, as that term is hereinabove defined, had the same in his unlawful possession, and if you have a reasonable doubt as to either of such matters, you will resolve that doubt in favor of the defendant and acquit him."

 It is well established that special requested charges may be properly refused where the instructions given by the court are adequate and fully protect the accused as to the matters included in the requested charges. Aranda v. State, supra; Parks v.

---

1. The court's definition of "principals" follows: "All persons are principals who are guilty of acting together in the commission of an offense. When an offense is actually committed by one or more persons, but others are present and, knowing the unlawful intent, aid by acts, or encourage by words or gestures those actually engaged in the unlawful act, such persons so present and aiding or encouraging are principals, and may be prosecuted and convicted as such. Mere presence alone will not constitute one a principal."
See 8 Texas Practice, Seventh Ed. (Morrison and Blackwell) § 3590. Also, see Articles 65 and 66, Vernon's Ann.P.C.; Hay v. State, Tex.Cr.App., 237 S.W.2d 987.

State, Tex.Cr.App., 437 S.W.2d 554; Webster v. State, Tex.Cr.App., 455 S.W.2d 264; Wood v. State, Tex.Cr.App., 440 S.W.2d 640. In the instant case, the court's charge on principals, together with his instructions on the converse thereof (see above quote from the charge) adequately protected appellant's rights. Jordan v. State, Tex.Cr.App., 500 S.W.2d 638; Bryant v. State, 496 S.W.2d 565; Dukes v. State, 161 Tex.Cr.R. 423, 277 S.W.2d 710.[2]

Appellant's second and third grounds of error are overruled.

In his fourth ground, appellant contends that the court erred in permitting to bring out on cross-examination of appellant's wife that she had heard of his using narcotic drugs, because same was hearsay and was beyond the scope of direct examination.

On direct examination, appellant's wife was asked:

"Now, Mrs. Mitchell, you say you married Sanders (Sanders Mitchell, the appellant) in 1964. I will ask you whether or not you have ever seen any evidence of Sanders using any type of narcotic drugs?

"A No, sir."

We quote from the record of the cross-examination as follows:

"And you have never seen any evidence of Sanders using any type of narcotic drugs.

"A No, sir.

"Q Have you ever heard of Sanders using any type of narcotic drug?

"MR. GOODWIN (defense counsel): Well, if Your Honor please, I think she can answer the question, but it still would be hearsay and it is outside the scope of direct examination.

"THE COURT: Overruled.

·"MR. DOYLE (prosecuting attorney): Mrs. Mitchell, have you ever heard—

"A I have heard of it . . ."

On re-direct by appellant's counsel:

"Was that marihuana?

"Yes, sir."

A wife who is called to testify in her accused husband's behalf may be cross-examined on matters concerning which she testified on direct, and also as to matters that are germane and pertinent to her direct testimony but which were not specifically brought out on direct. 61 Tex.Jur.2d, p. 640, Witnesses, § 87, and authorities cited.

The record reflects that although the wife was not asked the "magic words" concerning appellant's general reputation, the questions asked on direct examination as well as her entire testimony on direct were geared to show his reputation as to the use of narcotics and made of her a character witness in that respect. See Childs v. State, Tex.Cr.App., 491 S.W.2d 907; Salazar v. State, Tex.Cr.App., 494 S.W.2d 548; Navajar v. State, Tex.Cr.App., 496 S.W.2d 61.

The question asked by the State to which objection was made was pertinent and germane to her testimony on direct examination. No error was committed in overruling appellant's objection to this "have you heard" question.

In his fifth ground, appellant complains of error at the punishment stage in the admission in evidence of what purports to be a certified copy of a judgment of conviction of appellant in federal district court in Beaumont. Appellant's objection was that the exhibit was not

2. Appellant in his above two grounds does not allege as error any failure of the court to charge on the affirmative defense of lack of knowledge by appellant that the substance was heroin. That contention is not before us for review. His grounds of error refer specifically and solely to his objections above set forth.

shown to be a certified copy of the original judgment, but was a certified copy of the records in the Archives Office of the Federal Government in Fort Worth.

The copy to which objection was directed was a part of a prison packet consisting of certified copies of the records of the Federal Archives Office, being the judgment and sentence in Cause No. 5297, United States District Court for the Eastern District of Texas, with photographs and fingerprints. Evidence was introduced showing appellant to be the same person convicted in that case. Appellant contends that certified copies from the clerk of the convicting court should have been offered rather than certified copies from the official records of the Archives Office. Although certified copies from the trial clerk's office could have been utilized, no error was committed in the procedure used. Lopez v. State, Tex.Cr.App., 464 S.W.2d 882; Nichols v. State, Tex.Cr.App., 494 S.W.2d 830; Dagley v. State, Tex.Cr.App., 394 S.W.2d 179.

In addition, the record reflects that the attorney who represented appellant in the district court in Cause No. 5297, supra, testified without objection that appellant plead guilty to unlawful purchases of a narcotic drug and was convicted and sentenced in said cause. Any error which might have been caused by the admission in evidence of the above mentioned judgment was rendered harmless by the proof of the same facts by testimony to which there was no objection. Woods v. State, Tex.Cr.App., 511 S.W.2d 37, p. 47.

Appellant lastly complains that the court erred in refusing to permit him to prove by his witness Audrey Mae Harris that she had plead guilty to the offense for which appellant was then on trial.

His contention was without merit. The fact that Harris had plead guilty would not affect the charge against appellant. Furthermore, she testified that the heroin found in her residence belonged to her, that she had sole possession of it, and had placed it in the bathroom where it was found. Her plea of guilty would have added little, if anything, to her testimony.

Also, the record reflects that her conviction was, at the time of appellant's trial (March 5, 1973) on appeal to this Court, wherein she was claiming that her plea of guilty was illegally obtained. (See Harris v. State, Tex.Cr.App., 500 S.W.2d 126).

The court did not err in refusing this testimony.

The judgment is affirmed.

Opinion approved by the Court.