**Ralph Combs HILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57371.**

Court of Criminal Appeals of Texas, Panel No. 3.

June 13, 1979.

Rehearing En Banc Denied Sept. 19, 1979.

Dean White, Canton, Jon Van Orden, Houston, for appellant.

Henry M. Wade, Dist. Atty., J. T. Langford and Bob Whaley, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for murder. Punishment was assessed at eleven years.

In his third ground of error appellant contends the trial court committed reversible error in refusing his requested charge on the defensive theory regarding the cause of death.

The State does not contest the fact that the evidence in this case clearly does raise the defensive issue that the death of deceased resulted from causes other than the acts alleged against appellant. Both appellant and the State presented expert witnesses on the cause of death, both of whom testified from the autopsy report and photographs of deceased. These two experts differed sharply in their opinions as to the cause of death. Without question the defensive theory on cause of death was raised by the evidence.

It is well established that a defendant is entitled to an *affirmative* submission of every defensive theory raised by the evidence. *Rodriguez v. State,* Tex.Cr.App., 372 S.W.2d 541; *Loftin v. State,* Tex.Cr.App., 366 S.W.2d 940; *Barton v. State,* 172 Tex.Cr.R. 600, 361 S.W.2d 716. This rule applies with equal force to defensive theories regarding the cause of death in murder prosecutions. *Aguillar v. State,* 153 Tex.Cr.R. 509, 221 S.W.2d 242; *Smart v. State,* 140 Tex.Cr.R. 664, 146 S.W.2d 397.

Appellant timely presented his request for a charge on the issue. That request was:

"If you believe from the evidence, or have a reasonable doubt thereof, that the death of Sandra Marian Rudolph, if any, was caused by some natural bodily ailment or disease, you will find the defendant not guilty.

"Unless you find from the evidence beyond a reasonable doubt that the death of Sandra Marian Rudolph, if any, was caused by having been choked and beaten with the hands of Defendant, Ralph Combs Hill, you will say by your verdict not guilty; or if you have a reasonable doubt thereof, you will find the Defendant not guilty."

The State contends the following portion of the court's charge adequately submitted the issue:

"You are further instructed that from all the evidence in this case, you must find and believe beyond a reasonable doubt that the death of Sandra Marian Rudolph was caused by the defendant, if it was, having choked or beaten her with his hands, if he did, or if you have a reasonable doubt thereof, you will resolve such doubt in favor of the defendant and find him not guilty."

Although the charge submitted by the court is quite similar to the second paragraph of appellant's requested charge, it does not constitute an affirmative submission of the defensive issue. The first paragraph of appellant's requested charge, on the other hand, is an affirmative submission of the defensive theory and is very much like the jury charge approved in *Aguillar v. State,* supra. Indeed, it was suggested in *Carney v. State,* 109 Tex.Cr.R. 624, 6 S.W.2d 369, that appellant would have been

entitled to even more specificity in the defensive charge, in that the law should have been applied to the facts of the case as raised by the defensive evidence on cause of death.

The State cites *Sheppard v. State,* Tex. Cr.App., 545 S.W.2d 816; *Mitchell v. State,* Tex.Cr.App., 517 S.W.2d 282; *Aranda v. State,* Tex.Cr.App., 506 S.W.2d 221; and *Martinez v. State,* Tex.Cr.App., 500 S.W.2d 151, for the proposition that it is not error to refuse a requested charge if the instructions actually given by the court are sufficient to protect the accused fully and adequately as to the matters included in the requested charge. That rule of law is not on point in this case. It cannot be said that a charge that fails to submit the defensive issues raised in a case in an *affirmative* manner is sufficient to protect the defendant fully and adequately as to that defensive issue. The opinion in *Sheppard* reflects that there was in that case an *affirmative* submission of the self-defense issue as to which complaint was raised. The *Aranda* and *Mitchell* cases involved drug offenses and the rule of law relied on today was not discussed. Finally, *Martinez* concerned the sufficiency of the court's charge to distinguish between "the felony and misdemeanor offenses of carrying a prohibited weapon" and apparently did not involve submission of a defensive issue raised by the evidence, as is the situation in the case at bar.

Appellant was entitled to an affirmative submission of the defensive theory regarding the cause of death, and his properly filed requested jury charge was sufficient to preserve the issue for review. The trial court erred in refusing the charge and accordingly the judgment must be reversed.

The judgment is reversed and the cause is remanded.

W. C. DAVIS, Judge, dissenting.

I dissent from the majority's reversal for refusal of the trial court to submit appellant's requested charge on cause of death.

I would hold that the charge actually given adequately submitted the appellant's issues and served to protect appellant as to matters contained in the requested charge.

The majority opinion concedes that the charge given is "quite similar" to paragraph two of the requested charge. The basis of the majority's reversal appears to be failure to affirmatively charge on cause of death as requested in paragraph one of the requested charge.[1]

I agree with the general proposition that a defendant is entitled to an affirmative charge on every defensive theory raised by the evidence. *Aguillar v. State,* 153 Tex. Cr.R. 509, 221 S.W.2d 242 (1949). However, I also realize that this general proposition is limited where the charge of the court adequately protects the defendant on the issues contained in the requested charge. *Sheppard v. State,* 545 S.W.2d 816 (Tex.Cr.App. 1977).

Here, the requested charge required a not guilty if the jury found the deceased expired from natural causes. The charge given required a jury finding that deceased was killed by "choking or beating" administered by the appellant. The necessary and only implication arising from the charge actually given was that if the jury determined death resulted from a cause other than choking or beating, then their duty was to return a not guilty verdict.

The charge given adequately protected appellant on the issue of death from natural causes. For this reason, I respectfully dissent.

1. Paragraph one of the requested charge reads: "If you believe from the evidence, or have a reasonable doubt thereof, that the death of Sandra Maria Rudolph if any, was caused by some natural bodily ailment or disease, you will find the defendant not guilty."