James D. SMITH, Sr., Appellant,

v.

The STATE of Texas, Appellee.

No. 12-84-0177-CR.

Court of Appeals of Texas,
Tyler.

July 17, 1986.

---

3. Now TEX.R.APP.P. 54(c).

Paul Tatum, Nacogdoches, for appellant.

Herbert Hancock, Dist. Atty., Nacogdoches, for appellee.

COLLEY, Justice.

James D. Smith, Sr., was convicted by a jury of misapplication of fiduciary proper-

ty[1] of the value of more than $200.00 but less than $10,000.00,[2] a third degree felony. The jury assessed his punishment at five years' confinement but recommended probation. Imposition of sentence was suspended by the court and Smith was placed on probation for five years. We reverse and remand with instructions.

The record reveals the following facts. Smith and his former wife, Betty Sue Smith,[3] were divorced by decree of the District Court of Nacogdoches County signed on April 20, 1979. The suit was uncontested, and the decree ordered Lytle to convey her interest in the homestead dwelling of the parties located on a 4.34-acre tract of land to Smith who was to assume all indebtedness against the same. Smith was ordered to convey the property to a child of the marriage, James D. Smith, Jr., hereinafter referred to as son, when said child attained the age of twenty-one years.[4] Smith was authorized by the decree to sell and convey the property at any time before the son's twenty-first birthday, but the decree provided "that the entire net proceeds from such sale shall be held by [Smith] in trust for [the son] and delivered ... to [the son] upon his twenty-first birthday." On July 11, 1979, Lytle, in obedience to the decree, conveyed her interest in the property to Smith. The conveyance incorporated the trust provisions of the decree and purported to add several other provisions governing the trust which are not material to the opinion. In April 1981 Smith sold the land and purchased a certificate of deposit from Fredonia State Bank of Nacogdoches in the original sum of $19,180.04. The CD was issued to Smith as trustee for his son. In the fall of 1981, at the son's request, and with the concurrence of Lytle, Smith withdrew $7,000.00 from the funds represented by the CD and purchased an automobile for his son. Thereafter Smith made numerous[5] withdrawals from these funds, varying in amounts from $500.00 to $30.00.[6] On June 30, 1983, the balance in the account was $5.60.

Smith urges four grounds of error. By his fourth ground, Smith contends that the trial court committed error "in failing to sustain the objection and exception to the trial court's charge in giving a requested charge that if the beneficiary received the substantial use and benefit of the money placed in trust, that then the appellant is entitled to be found not guilty." As we read the ground of error, Smith contends the trial court erred in refusing to affirmatively charge the jury that he was entitled to an acquittal if the jury found from the evidence, or had a reasonable doubt that the son actually received all of the funds withdrawn, or the benefit thereof.

Under section 32.45(b), as pertinent in this case, a person commits the offense of misapplication of fiduciary property if he intentionally or knowingly misapplies property he holds as a fiduciary *in a manner that involves substantial risk of loss to the person for whose benefit the property is held.* (Applying the definition of "fiduciary" and "misapply" set forth in section 32.45(a)(1)(A), (2)(A), (B)). The indictment in this case, omitting the formal portions, alleges that Smith

did then and there intentionally and knowingly misapply property, to-wit: current money of the United States of America, of the value of ten thousand dollars or more he held as a fiduciary but not as a commercial bailee, to-wit: trustee, in a manner that involved substantial risk of loss to James D. Smith, Jr., the person for whose benefit the property was held, by then and there withdrawing

---

1. Tex.Penal Code Ann. § 32.45 (Vernon 1974). All references made hereafter to sections are to the Texas Penal Code unless otherwise noted.

2. The indictment charges misapplication of funds of the value of $10,000.00 or more, a felony of the second degree.

3. Mrs. Smith remarried shortly after the divorce and is now known as Betty Sue Lytle. Reference to her in this opinion will be to Lytle.

4. At the time of the entry of the divorce decree the son was thirteen years of age.

5. Approximately one hundred individual withdrawals.

6. Most individual withdrawals were in amounts less than $100.00.

said property from the financial institution in which it had been deposited and refusing to account for the whereabouts of said property....

The gist of the offense here is that Smith dealt with the property in a manner contrary to the provisions of the express trust created by the decree and the former article 7425b-1, -47, Tex. Trust Act.[7]

■ The court's charge, applying the law to the facts, submitted to the jury in identical language both the second and third degree felonies denounced in article 32.45. The charging paragraph on the third degree felony reads:

Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, James D. Smith, Sr., on or about the 1st day of June, 1983, in the County of Nacogdoches, and State of Texas, as alleged in the indictment did then and there intentionally and knowingly misapply property, to-wit: current money of the United States of America, of the value of more than $200.00 but less than $10,000.00 he held as a fiduciary but not as a commercial bailee, to-wit: trustee, in a manner that involved substantial risk of loss to James D. Smith, Jr., the person for whose benefit the property was held, by then and there withdrawing said property from the financial institution in which it had been deposited and refusing to account for the whereabouts of said property, you will find the defendant guilty of the offense of Misapplication of Fiduciary Property of the value of more than $200.00 but less than $10,000.00 and so say by your verdict, but if you do not so believe, or if you have a reasonable doubt thereof, you will acquit the defendant and say by your verdict 'Not Guilty.'

Thus in order to commit the offense, one must, with the requisite mental state, deal with property he holds as a fiduciary in a manner contrary to the agreement under which he holds the property or contrary to laws governing the property so held, and the manner with which the property is handled must present a substantial risk of loss to the beneficiary or the owner of the property. It is not enough for criminal liability that one simply deal with fiduciary property contrary to the pertinent agreement or law; the manner of dealing must also involve a substantial risk of loss to a protected party. If there is no risk of loss to the owner or beneficiary, there is no offense.

At trial, Smith objected to the proposed jury charge and requested the following instruction:

You are instructed that if you believe the beneficiary received the use and benefit of the funds withdrawn from the checking account on the occasion in question, as alleged in the indictment, or if you have a reasonable doubt that the minor child did not receive the benefit—did not receive such funds, then you will acquit the Defendant and find him not guilty.

The requested instruction enunciated the defense's theory that even if the withdrawals had been contrary to some agreement or law governing the property, there was no "substantial risk of loss to ... a person for whose benefit the property is held," because that person had received the use and benefit of the property. The trial court overruled Smith's objection and did not instruct the jury on the defensive theory.

■ The general rule regarding when the trial court must give a specially requested charge is well established. A criminal defendant is entitled to an affirmative instruction on every defensive issue *raised by the evidence*, regardless of how feeble that evidence may be. *Thomas v. State*, 678 S.W.2d 82, 84 (Tex.Cr.App.1984); *Warren v. State*, 565 S.W.2d 931, 933 (Tex.Cr. App.1978); *Montgomery v. State*, 588 S.W. 2d 950, 952–953 (Tex.Cr.App.1979). The defendant's testimony alone is sufficient to raise an issue. *Knowles v. State*, 672 S.W. 2d 478, 480 (Tex.Cr.App.1984); *Warren v. State*, 565 S.W.2d at 934. In determining

7. Act of April 19, 1943, ch. 148 1943 Tex.Gen. Laws 232, amended many times before its repeal by Act of May 24, 1983, ch. 576, §§ 1, 6, 1983 Tex.Gen.Laws 3475–3670, 3729–3730 (current version at Tex.Prop.Code Ann. §§ 111.001–113.152 (Vernon 1984).

whether a requested instruction is proper, the issue is not whether the evidence is true or even believable; it is simply whether the evidence raises the defensive theory. *Montgomery v. State,* 588 S.W.2d at 952. Upon request, the trial court must charge on every defensive issue raised by the evidence, and even if the specially requested charge is defective, it is enough if it directs the court's attention to the defensive issue. *Williams v. State,* 630 S.W.2d 640, 643 (Tex.Cr.App.1982); *see also Slaton v. State,* 685 S.W.2d 773, 775 (Tex.App.— Houston [1st Dist.] 1985, pet. ref'd.).

■ The key is that the defensive theory must be clearly and independently raised by the evidence in an affirmative manner. *Hill v. State,* 585 S.W.2d 713, 715 (Tex.Cr. App.1979); *see also Thompson v. State,* 677 S.W.2d 73, 75 (Tex.App.—Beaumont 1984, pet. ref'd) (distinguishing facts in *Hill* from facts before the court on the basis that in *Hill* the facts "clearly and independently" raised the defensive theory). If the requested charge merely denies the existence of an essential element of the offense charged, without any basis therefor in the evidence, the trial court need not submit the issue affirmatively. *Green v. State,* 566 S.W.2d 578, 584 (Tex.Cr.App. 1978); *Slaton v. State,* 685 S.W.2d at 775.

In this case, Smith does not deny that he held the property for his son's benefit, nor does he deny that he withdrew the property from the bank account in which it was originally placed. His defense is that he committed no criminal wrong because the person for whose benefit the property was held received the use and benefit of the property. Smith testified that some $7,000.00 was withdrawn to purchase a car for his son; the State's witnesses also testified that $7,000.00 of the money was used to purchase a car for the son. Smith further testified that all of the money withdrawn from the trust fund was either given to his son directly or spent on his behalf for items such as school expenses and activities; car service, insurance and payments; social activities; college enrollment and an apartment. The son, who appeared as a prosecution witness, admitted that Smith had given him money in the form of an allowance, for college expenses and apartment rent for one month; for gas for his car and "different articles," including graduation articles and to be applied to car payments. Obviously, the evidence raises the issue of whether the son received the use and benefit of all or part of the funds held on his behalf; the State does not deny this.

Were Smith's testimony and the evidence supporting it believed by the jury, he would be entitled to acquittal. However, the jury was not given an instruction which informed them of the significance and potential effect of the evidence of Smith's defensive theory.

■ Since the charge did not submit the defensive theory in an affirmative manner, Smith was not fully and adequately protected as to the defensive issue by the charge as given. *Hill,* 585 S.W.2d at 715.

Smith was entitled to an affirmative submission of the defensive theory regarding the use of the funds. His timely objection and requested charge properly informed the court of the omission. Refusal to give the charge was error. The ground is sustained.

In light of our ruling on ground four, we do not address Smith's other grounds of error.

■ The judgment is reversed. The jury, by convicting Smith of the third degree felony, impliedly acquitted him of the second degree felony charged in the indictment. He cannot be again tried for the greater offense. Tex.Code Crim.Proc.Ann. art. 37.14 (Vernon 1981); *Welcome v. State,* 438 S.W.2d 99, 104 (Tex.Cr.App. 1969). We remand the cause only for the trial of the third degree felony and the lesser included misdemeanor offense defined in section 32.45. Retrial of the third degree felony or the lesser included misdemeanor offense on the original indictment herein will not offend Tex.Const. art. I, §§ 14, 19, or the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, as these offenses are separate and distinct, but lesser included

offenses of the second degree felony charged in the indictment. *Welcome v. State*, 438 S.W.2d at 105; [8] *Contra Stell v. State*, 662 S.W.2d 96, 101 (Tex.App.—Houston [1st Dist.] 1983, pet. dism'd).[9] Also, since our judgment limits the prosecution of Smith to these lesser offenses, he cannot successfully assert a jeopardy plea to the indictment under Tex.Code Crim.Proc.Ann. art 27.05(1) (Vernon Supp.1986), although the indictment purports to put him twice in jeopardy for the second degree felony.[10] This is so because under our judgment the trial court has no authority to retry Smith for the greater offense of which he was acquitted.

---

8. Clearly a necessary implication of the opinion in that *case*.

9. The Court of Criminal Appeals originally granted the petition for discretionary review. Subsequently it dismissed the petition as im-

providently granted. The dismissal is not yet reported.

10. The State is free, however, to reindict Smith for the lesser offenses within the limitation periods. *Welcome v. State*, 438 S.W.2d at 105.