Benito GONZALEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–85–00222–CR.

Court of Appeals of Texas,
San Antonio.

May 29, 1987.

Rehearing Denied June 29, 1987.

Joe Rubio, Fergueson, Rubio & Czar, Laredo, for appellant.

Julio Garcia, Dist. Atty., Laredo, for appellee.

OPINION

Before CADENA, C.J. and SHIRLEY W. BUTTS and ANTONIO G. CANTU, JJ.

CADENA, Chief Justice.

Appellant, who was convicted of voluntary manslaughter and sentenced to 15 years' imprisonment, seeks reversal of his conviction because the trial court, over his objection, refused to submit his requested instruction on the lesser included offense of aggravated assault. We reverse the conviction.

■ Appellant and Guadalupe DeAnda began fighting inside a bar and were told to leave by the proprietor, Filberto Sierra. Appellant testified that as they were exiting, DeAnda attacked him from behind and knocked him to the ground. Appellant ran to his truck, got his rifle and shot and killed DeAnda. He testified that when he shot the rifle he had no intent either to kill or to injure DeAnda, but merely intended to scare him. TEX.PENAL CODE ANN. § 22.02(a)(1) & (4) (Vernon 1974) provides that a person commits an offense by intentionally, knowingly or recklessly causing serious bodily injury to another, or threatening another with imminent bodily injury while using a deadly weapon. This testimony provides sufficient evidence that if the appellant is guilty, he is guilty only of the lesser included offense of aggravated assault, thus entitling him to a charge on that offense. *Cordova v. State,* 698 S.W.2d 107 (Tex.Crim.App.1985) (en banc); *Bell v. State,* 693 S.W.2d 434, 439 (Tex. Crim.App.1985) (en banc).

■ The dissent argues that appellant's testimony that he did not intend to kill must be considered in the context of all of the facts [1] in order to determine whether the testimony will support a charge on the lesser included offense of aggravated assault and concludes that in light of other evidence indicating intent to kill, an instruction on aggravated assault is unwarranted. The weight of the evidence is irrelevant in determining whether or not a charge on a lesser included offense was properly denied. The Court of Criminal Appeals has reiterated that "the issue is not whether appellant's claim is true or even believable" *Moreno v. State,* 702 S.W.2d 636, 641 (Tex. Crim.App.1986) (en banc), but whether the evidence constitutes some evidence that the appellant if guilty, is guilty only of the lesser included offense. *See also Gibson v. State,* 726 S.W.2d 129 (Tex.Cr.App.1987) (en banc):

"[I]t is not the court's function to determine the credibility or weight to be given raising the defensive issue or lesser included offense. The fact that evidence raising the issue may conflict or contradict other evidence in the case in not relevant to the determination of whether a charge on the issue must be given."

Although the trial court erred in refusing defendant's aggravated assault instruction, no reversal will result unless the error produced some harm to the defendant. *Almanza v. State,* 686 S.W.2d 157, 171 (Tex. Crim.App.1985) (en banc). The State asserts that the omission of the requested charge on aggravated assault was harmless error, *citing McCloud v. State,* 692 S.W.2d 580 (Tex.App.—Houston [1st Dist.] 1985, no pet.). The logic relied upon by the Houston court in *McCloud* was rejected in *Moreno v. State,* 702 S.W.2d 636, 641 (Tex. Crim.App.1986) (en banc). In *Moreno,* the defendant, who was convicted of burglary requested a charge of the lesser included offense of criminal trespass. The Court of Criminal Appeals held that the trial court's

---

**1.** The dissent asserts that appellant's intent to kill may be inferred from the use of a deadly weapon and testimony that, after he shot DeAnda appellant stood over the body and struck him or at him with the butt of his rifle, saying "I told you not to fuck with me." This evidence is controverted. Appellant denies either hitting DeAnda or saying anything to him.

erroneous denial of the charge on a lesser included offense deprived the defendant of a fair trial by denying the jury the opportunity to consider the issue of criminal trespass. *Id.* at 641.

The facts of this case and of *Moreno* are entirely distinguishable from the recent decision in *Clark v. State,* 717 S.W.2d 910 (Tex.Crim.App.1986) (en banc). In *Clark* the court relied on the reasoning set forth in *Thomas v. State,* 587 S.W.2d 707 (Tex. Crim.App.1979) and held that the erroneous instruction given on the lesser included offense of murder was harmless because the jury had convicted on the greater offense of capital murder, and thus, never reached the erroneous portion of the charge. *See also Garrett v. State,* 642 S.W.2d 779 (Tex. Crim.App.1982) (en banc). In *Clark,* the charge on murder was erroneous, but was not omitted. Under those circumstances, the jury was at least aware that it had an alternative to convicting for the greater offense.

 To say that conviction of a greater offense precludes the harm created by omitting a charge on a lesser included offense ignores the fact that the jury was denied the opportunity to consider the entire range of offenses presented by the evidence. In this case, refusal to charge on aggravated assault limited the jury to three rather than four possible choices other than acquittal.[2] Since the jury is required to consider the entire jury charge,[3] this omission resulted in an unfair trial. The Texas Court of Criminal Appeals recently held that an improperly omitted jury charge on a lesser included offense resulted in some harm to the defendant because the omission denied the jury the opportunity to consider all of its available options. *Gibson v. State,* 726 S.W.2d 129 (Tex.Cr. App.1987) (en banc).

Appellant also complains that the trial court erred in refusing to submit an affirmative charge on self-defense. Appellant requested the following affirmative charge:

Now, if you find from the evidence beyond a reasonable doubt that on the occasion in question, the defendant Benito Gonzalez did shoot Guadalupe DeAnda with a gun, as alleged, but you further find from the evidence that viewed from the standpoint of the defendant at the time, from the words or conduct, or both, of Benito Gonzalez and Guadalupe DeAnda, it reasonably appeared to the defendant that his life or person was in danger and there was created in his mind a reasonable expectation of fear of death or serious bodily injury from the use of unlawful deadly force at the hands of Guadalupe DeAnda, and that acting under such apprehension he reasonably believed that the use of deadly force on his part was immediately necessary to protect himself against Guadalupe DeAnda's use or attempted used [sic] of unlawful deadly force, and he shot the said Guadalupe DeAnda, and that a reasonable person in the defendant's situation at that time would not have retreated, then you should acquit the defendant on the grounds of self-defense, or if you have a reasonable doubt as to whether or not the defendant was acting in self-defense on the occasion and under the circumstances, then you should give the benefit of such doubt to the defendant and find him not guilty.

Although the appellant did not obtain a specific ruling on his requested issue, the trial court after hearing the requested charge read into the record, instead submitted the following charge on self-defense:

If you find from the evidence beyond a reasonable doubt that at the time and place in question the defendant did not reasonably believe that he was in danger of death or serious bodily injury, or that reasonable person in defendant's situation, at such time and place, would have retreated before using deadly force against Guadalupe DeAnda, or that de-

---

2. The jury was charged on the offenses of voluntary manslaughter, involuntary manslaughter and criminally negligent homicide.

3. TEX.CODE CRIM.PROC.ANN. art. 36.16 (Vernon 1981) provides that "the judge shall read his charge to the jury as finally written, together with any special charges given ...".

fendant, under the circumstances, did not reasonably believe that the degree of force actually used by him was immediately necessary to protect himself against Guadalupe DeAnda's use or attempted use of unlawfully deadly force, if any as viewed from defendant's standpoint, at the time, then you must find against the defendant on the issue of self defense.

■ The appellant did not waive any error in the self defense portion of the charge by failing to obtain a ruling on his request. TEX.CODE CRIM.PROC.ANN. art. 36.15 specifically provides that:

The defendant may by a special requested instruction call the trial court's attention to error in the charge, as well as omissions therefrom, and no other exception or objection to the court's charge shall be necessary to preserve any error reflected by any special requested instruction which the trial court refuses.

■ The dissent asserts that the trial court did not err in refusing the requested self defense charge because it was not supported by evidence that deadly force was used or was about to be used. The requested charge need not be correct, but must only be adequate to call the attention of the trial court to the error or omission in the charge. In *Stone v. State*, 703 S.W.2d 652 (Tex.Crim.App.1986) (en banc), the Court held that the defendant's requested instruction, despite the fact that it misstated the law and was an impermissible comment on the weight of the evidence, was sufficient to inform the court of the omission in the charge. *Id.* at 655.

■ In this case, the self defense instruction which appellant sought to supplement also contained a reference to the use or threat of deadly force. It is obvious, therefore, that the defendant was requesting self defense instruction phrased in affirmative language. When a defensive issue is raised by the evidence, a defendant is entitled to an affirmative defensive instruction. *Hill v. State*, 585 S.W.2d 713, 715 (Tex.Crim.App.1979) (en banc). We cannot hold that the record supports the conclusion that the error was harmless. *Id.*

The judgment of the trial court is reversed and the cause is remanded for a new trial.

BUTTS, Justice, dissenting.

I respectfully dissent. Appellant was indicted for voluntary manslaughter. The jury charge in this case included these lesser included offenses: involuntary manslaughter and criminally negligent homicide. Therefore, the jury had before it instructions for their consideration on the culpable mental states of intentional or knowing, recklessness, and criminal negligence. *See* TEX.PENAL CODE ANN. § 6.03 (Vernon 1974). For appeal purposes the culpable mental state of criminal negligence is not before the court.

The evidence, briefly summarized, shows that the Mi Cachito Bar was located next door to a grocery, which sat back from the bar. Appellant parked his truck at the grocery, which meant his truck could not be seen from the door of the bar. Although the distances described in testimony were not clearly stated, the truck was somewhere around thirty feet from the door, around the corner and not in sight. Inside the truck were his rifle and also his adult son.

It is clear that the deceased began the altercation with verbal abuse. The owner asked both men to leave to avoid a fight inside the bar. Once outside, the deceased struck appellant, causing him to fall. There is no dispute that the deceased did not have a weapon of any kind. The owner testified he saw appellant get up and walk in the direction of the store. He was gone several minutes. The owner refused to let the deceased reenter the bar because appellant might return. The deceased stood by the bar door. The owner warned the deceased when he saw appellant walking toward the deceased with a rifle. He was not seen to raise the rifle to his shoulder. After appellant was closer to the deceased, he fired the rifle, striking the deceased in the chest. The owner, who had moved away from the line of fire, testified that he

returned to the door and "at this time I saw—what I saw was Lupe laying down to his side, and at this time I saw Benito making a motion as if he was striking [him] with the butt of the rifle."

Another witness, a passerby, testified that he and his wife were on their way to the grocery next door and saw the two men fighting. He saw appellant go to his truck. There "he pulled out a rifle and loaded it .. and then he goes around his truck and goes to that other man who was still standing there, and he fired a shot at him." On cross-examination he said he did not see appellant put the bullet in but saw him "cock the rifle," stating, "he probably did load it." He testified that after appellant shot the man, "[t]hen he hit him twice ... I don't know where at, but he swung his gun over him." He described the blows as "hammering." He said appellant was "close" when he fired the rifle. The bar owner testified that "another male individual ... came over and handed Mr. Gonzalez what appeared to me another round for the rifle because Mr. Gonzalez loaded another rifle again."

The bar owner, who was also a policeman, testified that after appellant shot the deceased, appellant said to the deceased, "I told you not to fuck with me." Appellant left the scene after the shooting. Intent may be inferred from the acts, words and conduct of the accused. *Dues v. State*, 634 S.W.2d 304, 305 (Tex.Crim.App.1982). (Citations omitted).

Appellant's statement that he had no intent to kill the deceased must be considered in the context of the facts to determine whether it supports a charge on the lesser included offense of aggravated assault. The specific intent to kill may be inferred from the use of a deadly weapon. *Flannagan v. State*, 675 S.W.2d 734, 744 (Tex. Crim.App.1982). A firearm, as alleged in the present indictment, is a deadly weapon. TEX.PENAL CODE ANN. § 1.07(11) (Vernon 1974). The rifle used in this case is a firearm, a deadly weapon.

The two step analysis for determining whether a charge on a lesser included offense should be given requires first, that the lesser included offense be included within the proof necessary to establish the offense charged; and second, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense. *Royster v. State*, 622 S.W.2d 442 (opinion on rehearing) (Tex. Crim.App.1981). See, TEX.CODE CRIM. PROC.ANN. art. 37.09 (Vernon 1981). The elements of aggravated assault applicable to the instant case are (1) a person (2) intentionally, knowingly or recklessly (3) commits an assault (4) using a deadly weapon. *See, Godsey v. State*, 719 S.W.2d 578, 584 (Tex.Crim.App.1986).

It was stated in *Godsey* at 581, if a deadly weapon is used in a deadly manner, the inference is almost conclusive that [the accused] intended to kill; on the other hand, if the weapon was not a dangerous one, or was not used in a deadly manner, the evidence must be established by other facts, quoting from *Hatton v. State*, 31 Tex.Crim. 586, 21 S.W. 679 (1893). It was emphasized this is still the law. *Godsey* at 581. In the present case there is this permissible inference supplied by use of a deadly weapon in a deadly manner.

It is plain under *Royster* that aggravated assault may, in some instances, be a lesser included offense of homicide. This is not one of those instances. To warrant submission of the jury charge on aggravated assault in this case, there must be shown a lack of intent to kill. I would hold that in the context of the offense, appellant's actions are sufficient to show that he had the specific intent to kill. Moreover, no evidence supports lack of intent to kill. In addition, there is no evidence which satisfies the second step of *Royster:* that if appellant is guilty he is guilty only of aggravated assault. The gist of the requested charge on aggravated assault was lack of intent to kill. The evidence did not raise the issue of lack of intent to kill so that the jury was required to be instructed on the lesser included offense of aggravated assault. *See, e.g., Matheson v. State*, 508 S.W.2d 77, 80 (Tex.Crim.App.1974).

Moreover, in this case the jury was instructed on involuntary manslaughter and

on the definition of recklessness as a mental state. They failed to find that appellant acted recklessly. There was no evidence to show appellant acted recklessly. Recklessness as a culpable mental state was submitted in the requested charge on aggravated assault. *See*, § 6.03(c). The charge on aggravated assault was correctly denied. The point should be overruled.

The second point concerns a request for a much broader and more favorable jury charge on self-defense than the one given. It was a request for a jury charge on the defense of oneself when deadly force is used or when one believes deadly force is going to be used. TEX.PENAL CODE ANN. § 9.32(1), (2), (3)(A) (Vernon Supp. 1987). The record discloses no evidence which raises the issue that deadly force was being used against appellant or that he reasonably believed deadly force was about to be used. In fact, he testified that he shot the gun in an effort to scare the deceased. This statute would not then be applicable.

The requested jury charge was not appropriate or correct under the facts of this case. The act of submitting a requested jury charge does not, of itself, create trial error when the court refuses to submit it. The evidence, whether from the State or appellant, must support the requested charge. Here there was simply no evidence that the deceased used or was about to use unlawful deadly force, or that appellant even thought at any time this would happen.

A search of the record fails to show the trial court ever ruled on the request. The majority correctly notes we may review the point anyway since the matter was called to the court's attention. I would disagree with the holding, however, that the trial court should have submitted the requested jury charge. The trial court was correct in not submitting that requested charge.

For the foregoing reasons, I respectfully dissent.