**Benito GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 872–87.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 26, 1988.

Luis Antonio Figueroa, Laredo, for appellant.

Julio A. Garcia, Dist. Atty., and Enrique Pellegrin, Asst. Dist. Atty., Laredo, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appellant was convicted by a jury of voluntary manslaughter. V.T.C.A. Penal Code, Sec. 19.04. The jury assessed punishment at 17 years imprisonment. The Court of Appeals reversed appellant's conviction in a published opinion. *Gonzales v. State*, 733 S.W.2d 589 (Tex.App.—San Antonio 1987). Appellant raised two points of error on direct appeal. He urged that the trial court committed reversible error by refusing to submit jury instructions regarding a lesser included offense and on the defensive issue of self defense. The appeals court agreed with appellant in both instances and remanded the case for a new

trial. The State then filed a petition for discretionary review with this Court which we granted to review only that part of the Court of Appeals' decision which held that the trial court committed reversible error in refusing to submit appellant's requested instruction on the lesser included offense of aggravated assault.

We now find that our decision to grant the state's petition for discretionary review in order to make the determination whether the Court of Appeals erred in their holding was improvident. See Tex.Rules App.Pro. R. 202(k) However, neither our initial grant of the state's petition nor our action today in refusing that petition should be taken as approval of the reasoning or the decision of the Court of Appeals in this cause.

With this understanding, we refuse the state's petition for discretionary review.

It is so ordered.

CAMPBELL, J., concurs in result.

MILLER, J., not participating.

W.C. DAVIS, Judge, dissenting.

Appellant was convicted by a jury of voluntary manslaughter. V.T.C.A. Penal Code, Sec. 19.04. The jury assessed punishment at 17 years imprisonment. The Court of Appeals reversed appellant's conviction in a published opinion. *Gonzales v. State,* 733 S.W.2d 589 (Tex.App.—San Antonio 1987). Appellant raised two points of error on direct appeal. He urged that the trial court committed reversible error by refusing to submit jury instructions regarding a lesser included offense and on the defensive issue of self defense. The appeals court agreed with appellant in both instances and remanded the case for a new trial. The State then filed a petition for discretionary review with this Court which we granted to review only that part of the Court of Appeals' decision which held that the trial court committed reversible error in refusing to submit appellant's requested instruction on the lesser included offense of aggravated assault. I would now find that resolution of the issues in the cause before us necessitates granting the State's

second ground for review, that said ground was inadvertently not granted when originally submitted, and I would grant review of said ground on this Court's own motion. See, Tex.R.App.Pro.R. 200. Finding the trial court did not err in failing to submit the requested instructions, I would reverse the judgment of the appeals court.

A brief summation of the facts surrounding the offense is necessary for a proper understanding of the matter before us. The record reflects that appellant and Guadalupe Deanda began arguing inside the Mi Cachito Bar and were told to leave by the proprietor, Filberto Sierra. Appellant testified that as the two men were leaving, the deceased, DeAnda, attacked him from behind and knocked him to the ground. It is clear from the record that the deceased started the initial altercation by verbally abusing and then striking appellant. However, the deceased had no weapon of any kind.

After being knocked down by the deceased, appellant got up, went to his truck parked approximately thirty feet from the door of the bar and grabbed a rifle. The owner of the bar, Sierra, warned the deceased that appellant was returning with the rifle. Sierra moved out of the way and went into the bar. When he returned to the door Sierra testified that, "at this time I saw Lupe laying down to his side, and at this time I saw Benito making a motion as if he was striking (the deceased) with the butt of the rifle." He further testified that he heard appellant state, "I told you not to f__k with me" after shooting the deceased.

Another witness, Daniel Hernandez, testified that he and his wife were on their way to the grocery store located next door to the bar. As they passed the bar, he observed the two men fighting. He saw appellant go to his truck and pull out a rifle and load it. Hernandez then testified that he saw the appellant "go around his truck and fire a shot" at Deanda. He then saw appellant strike the deceased's body twice with the rifle in a "hammering" motion, after the deceased had fallen to the ground from the shot.

The appellant took the stand in his own behalf. He testified that he was afraid of the deceased and thought that the deceased was still "after" him. Appellant testified that he then went to his truck and took the rifle out "but didn't even point it at him. I just turned around, and when I did this to this, I put it up, and the bullet just rang out, because I didn't press the trigger. I was attempting to scare him only." [1]

Based upon this testimony, appellant requested a jury charge on aggravated assault, containing, in pertinent part, the following definition:

A person commits an assault if he intentionally, knowingly or recklessly causes bodily injury to another person. Such an assault is aggravated assault if he causes serious bodily injury to another, or if the person committing the assault uses a deadly weapon.

See V.T.C.A. Penal Code § 22.02. The trial court refused to submit the requested charge but did instruct the jury on the lesser included offense of voluntary manslaughter, V.T.C.A. Penal Code, § 19.04, involuntary manslaughter, V.T.C.A. Penal Code § 19.05,[2] and criminally negligent homicide, V.T.C.A. Penal Code, § 19.07.

Appellant asserts that the trial court erred in refusing to submit to the jury the offense of aggravated assault as a lesser included offense of voluntary manslaughter. The standard for determining whether the court committed error in failing to submit a jury charge as a lesser included offense is the two-step analysis prescribed in *Royster v. State*, 622 S.W.2d 442, (Tex.Cr. App.1981). First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense.

The Court of Appeals in reviewing appellant's claim relied on *Cordova v. State*, 698 S.W.2d 107 (Tex.Cr.App.1985); and *Bell v. State*, 693 S.W.2d 434 (Tex.Cr.App.1985) as authority. These cases correctly set out the two-step analysis required by *Royster*, supra. However, these cases do not directly support the court's holding. The Court of Appeals did not use any analysis in regard to the first prong from *Royster*, supra. The court assumed that the first prong had been met. The majority opinion then directly addressed the second prong of *Royster*, supra, and found that if appellant is guilty, he is guilty only of the lesser included offense of aggravated assault. The court relied on the testimony of the appellant that he did not intend to kill or injure the deceased, but merely intended to scare him. I disagree. According to the two-step *Royster* analysis I cannot agree with the analysis by the Court of Appeals.

The first step is a determination whether the lesser included offense is included within the proof necessary to establish the offense charged. The elements of voluntary manslaughter are:

(1) a person
(2) intentionally or knowingly
(3) causes the death
(4) of an individual
(5) while acting under the immediate influence of sudden passion arising from an adequate cause.

*Braudrick v. State*, 572 S.W.2d 709 (Tex. Cr.App.1978); § 19.04, supra.

The elements of aggravated assault are:
(1) a person
(2) intentionally, knowingly or recklessly
(3) commits an assault that either
(4) causes serious bodily injury or
(5) is effected by use of a deadly weapon.

---

**1.** The weapon was a 30–30 Winchester rifle. The record reflects that the appellant was referring to a "lever." It is unclear where the lever is located on the rifle or what action appellant is referring to. He seems to be referring to a lever which would cock the hammer and set the trigger. However, the record does not reflect such a fact and we will not assume facts which are not set out in the record.

**2.** Involuntary manslaughter encompasses recklessly causing the death of an individual and is a third degree felony. V.T.C.A. Penal Code, § 19.05. Aggravated assault also encompasses recklessly killing an individual and is also a third degree felony. V.T.C.A. Penal Code § 22.02. Therefore, appellant did receive a charge on reckless conduct.

*Rocha v. State,* 648 S.W.2d 298 (Tex.Cr. App.1982); § 22.02, supra. "Serious bodily injury" means bodily injury that creates a substantial risk of death or *that causes death,* serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. V.T. C.A., Penal Code, § 1.07(a)(34). (emphasis added)

It is clear from the statutes and case law of this Court that aggravated assault may be a lesser included offense of homicide. *Lugo v. State,* 667 S.W.2d 144 (Tex.Cr.App. 1984); *Aguilar v. State,* 682 S.W.2d 556 (Tex.Cr.App.1985); *Godsey v. State,* 719 S.W.2d 578 (Tex.Cr.App.1986); *Sanchez v. State,* 745 S.W.2d 353 (Tex.Cr.App.1988). Applying the facts of the instant case under the foregoing analysis, either form of the offense of aggravated assault is included within the proof of voluntary manslaughter. The appellant intentionally or knowingly caused serious bodily injury (death) and appellant also used a 30–30 Winchester rifle, which is a deadly weapon per se. *Bravo v. State,* 627 S.W.2d 152 (Tex.Cr.App.1982) (en banc). Therefore, under either form of aggravated assault, the first prong of *Royster,* supra, has been satisfied. However, I would nevertheless reverse the court below because appellant fails to satisfy the second prong of the *Royster* test.

It is now axiomatic that if evidence from any source raises the issue of a lesser included offense it must be included in the court's charge. *Sanchez,* supra. The Court of Appeals is correct that the weight of the evidence is irrelevant in determining whether a jury charge on a lesser included offense was properly denied. "It is not the court's function to determine the credibility or weight to be given the evidence raising the defensive issue or lesser included offense." *Gibson v. State,* 726 S.W.2d 129 (Tex.Cr.App.1987). The law is also clear that merely because the lesser included offense is included within the proof of a greater offense, a charge on the lesser is not required unless there is testimony raising the issue that the accused, if guilty, is guilty only of the lesser offense. *McBrayer v. State,* 504 S.W.2d 445 (Tex.Cr.App.

1974); *Royster,* supra; *Wallace v. State,* 679 S.W.2d 1 (Tex.Cr.App.1983).

The evidence raised at trial does not reflect that if appellant is guilty, he is guilty only of the lesser included offense of aggravated assault. The evidence that the Court of Appeals relied upon is the appellant's own testimony. Appellant testified that he went to his truck and took out the rifle, but that he did not point the rifle at the deceased, or raise the weapon to his shoulder. It is not clear from appellant's own testimony whether he cocked the weapon to prepare it for firing. Appellant testified that he did not press the trigger and that the bullet "just rang out" as he turned around. This testimony does not reflect that if appellant is guilty he is guilty only of aggravated assault. The appellant is testifying that his actions were accidental. He is testifying, in essence, that he did not possess the requisite culpable mental state to commit an offense. Cf. *Williams v. State,* 630 S.W.2d 640 (Tex.Cr. App.1982). If the jury was to believe his testimony appellant would be guilty of no offense. A similar fact situation occurred in *Wallace,* supra. In that case, the appellant was convicted of attempted capital murder of a peace officer. The appellant testified that he did not point a gun at the officer or fire a gun at him. Judge Campbell, writing for the majority, stated:

> By his own testimony, the appellant was either guilty of attempted capital murder or guilty of no offense at all. The trial court properly refused to charge the jury on aggravated assault.

Id. at 585.

I would hold that the trial court did not err in refusing the charge on aggravated assault as a lesser included offense of voluntary manslaughter since there is no evidence that the appellant, if guilty, is guilty only of the lesser offense. The State's first ground for review should be sustained.

On direct appeal, appellant also complained that the trial court erred in refusing to submit an affirmative charge on self defense. The appeals court agreed

with appellant's contention and held that the trial court's error in refusing the affirmative charge was not harmless. We originally did not grant the State's petition on this issue; however, as noted at the outset of this opinion, I would now grant review on our own motion to determine the correctness of the lower court's holding, thus obviating the need to place the "improvidently grant" stamp on the State's petition due to inadvertence on the part of this Court.

Appellant requested the court to instruct the jury on the law of self defense in which an accused has to use deadly force to defend against deadly force. The following affirmative charge was requested:

Now, if you find from the evidence beyond a reasonable doubt that on the occasion in question, the defendant Benito Gonzalez did shoot Guadalupe DeAnda with a gun, as alleged, but you further find from the evidence that viewed from the standpoint of the defendant at the time, from the words or conduct, or both, of Benito Gonzalez and Guadalupe DeAnda, it reasonably appeared to the defendant that his life or person was in danger and there was created in his mind a reasonable expectation of fear of death or serious bodily injury from the use of unlawful deadly force at the hands of Guadalupe DeAnda, and that acting under such apprehension he reasonably believed that the use of deadly force on his part was immediately necessary to protect himself against Guadalupe DeAnda's use or attempted used (sic) of unlawful deadly force, and he shot the said Guadalupe DeAnda, and that a reasonable person in the defendant's situation at that time would not have retreated, then you should acquit the defendant on the grounds of self-defense, or if you have a reasonable doubt as to whether or not the defendant was acting in self-defense on the occasion and under the circumstances, then you should give the benefit of such doubt to the defendant and find him not guilty.

The trial court did not specifically rule on this requested charge; however, I agree with the appeals court that appellant preserved error by submitting the requested instruction. Art. 36.15, V.A.C.C.P.; *Thiel v. State,* 676 S.W.2d 593 (Tex.Cr.App.1984); *Manry v. State,* 621 S.W.2d 619 (Tex.Cr.App.1981).

The trial court did submit the following converse charge on self defense:

If you find from the evidence beyond a reasonable doubt that at the time and place in question the defendant did not reasonably believe that he was in danger of death or serious bodily injury, or that reasonable person in defendant's situation, at such time and place, would have retreated before using deadly force against Guadalupe DeAnda, or that defendant, under the circumstances, did not reasonably believe that the degree of force actually used by him was immediately necessary to protect himself against Guadalupe DeAnda's use or attempted use of unlawfully deadly force, if any as viewed from defendant's standpoint, at the time, then you must find against the defendant on the issue of self defense.

This Court has consistently held that an accused is entitled to an instruction on every defensive issue raised by the evidence. *Hayes v. State,* 728 S.W.2d 804 (Tex.Cr.App.1987); *Moon v. State,* 607 S.W.2d 569 (Tex.Cr.App.1980). It is also well settled that a defendant's testimony alone may be sufficient to raise a defensive issue requiring an instruction in the jury charge. *Hayes,* supra. I would now examine the testimony at trial to see if a defensive issue was raised and to ascertain what self defense charge appellant was entitled to, if any.

The testimony elicited at trial from appellant evidences that the deceased began the altercation inside the bar by verbally abusing appellant and continued the difficulty outside the bar by knocking appellant to the ground. However, the record reflects that the deceased was unarmed. On cross-examination of appellant by the State, appellant was asked, "Had you seen any weapons in Mr. Deanda's hands?", and appellant answered, "No."

Daniel Hernandez, a passerby, testified for the State and was asked the following:

Q Okay. Did you at any time see any weapons on the man that was shot?

A No.

Q Did you see a gun in his possession?

A No.

Q Did you see a knife?

A No.

Q Did you see a pipe?

A No.

Q Did you see a bottle?

A No.

Q A cue stick?

A No.

Q Nothing?

A I didn't think they were fighting that hard. I thought they were just fooling around.

Officer Hector Mitchell testified that he was employed as a police officer for the city of Laredo and was called to the scene after the shooting had taken place. His duty was to secure the crime scene until backup personnel could arrive. On direct examination of the officer by the prosecuting attorney, the following transpired:

Q Did anybody—did you observe any type of weapon on or about Mr. De-Anda's person?

A No, sir. I did not see any weapons inside the scene.

Q Did you see a knife?

A No, sir.

Q A gun?

A No, sir.

Q A cue stick?

A No, sir.

Q A pipe?

A No, sir.

Q A bottle?

A No, sir.

Q A brass knuckle?

A No, sir.

Filberto Sierra, the proprietor of the Mi Cachito Bar also testified during the State's case in chief. His testimony in the following colloquy further reflects the absence of any weapon used by the deceased:

Q At that time did you see any weapons in the hands of the man known to you as Lupe?

A No.

Q No pistol?

A Nothing, sir.

Q No knife?

A No knife.

Q No cue stick?

A No, sir.

Q No pipe?

A No.

Q No bottle?

A No.

Therefore, according to witnesses' and appellant's own testimony, it is clear from the record that the deceased began the altercation, but at no time used or exhibited any type of weapon.

Presuming the record reflects some evidence of a necessity for appellant to defend himself and appellant was therefore entitled to receive a charge on self defense, I now turn my attention to whether appellant was entitled to his requested charge.

Appellant's requested charge asked the court to instruct the jury on the law of self defense in which an accused has to use deadly force to defend against deadly force. The Court of Appeals held that appellant was entitled to this charge by relying on *Hill v. State*, 585 S.W.2d 713 (Tex.Cr.App.1979). *Hill*, supra, stands for the proposition that when a defensive issue is raised by the evidence, a defendant is entitled to an affirmative defensive instruction. *Id.* This is correct as a general rule; however, it was misapplied in the instant case. Appellant's requested instruction was *not* supported by the evidence. The requested instruction explained the use of deadly force to defend against deadly force. There was no evidence that the deceased used deadly force or possessed a weapon of any kind. Therefore, appellant was not entitled to his requested instruction.

A trial court is allowed to charge in the converse of appellant's theory of self defense. *Powers v. State*, 396 S.W.2d 389 (Tex.Cr.App.1965); *Barkley v. State*, 152

Tex.Cr. 376, 214 S.W.2d 287 (1948). When a trial court is applying the law of self defense to the facts, the court may submit the charge in the converse, since it is a submission of the State's theory. *Barkley,* supra, 214 S.W.2d at 290. Presuming appellant was entitled to an instruction of self defense, I would hold that the charge given, although in the converse, was proper given the facts of this case.

The trial court's charge being proper, the Court of Appeals erred and the State's second ground for review should be sustained.

Having found that the appeals court erred on both grounds, I would reverse the judgment of that court and affirm the judgment of the trial court.

For the above reasons, I must respectfully dissent.

ONION, P.J., and WHITE, J., join.