NUMBER 13-00-118-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


DARRYL WILLIAMS, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 24th District Court


of Victoria County, Texas.


___________________________________________________________________


O P I N I O N


Before Justices Hinojosa, Chavez, and Rodriguez



Opinion by Justice Chavez




 Appellant Darryl Williams was convicted of aggravated assault in
the knife attack of Cheryl Williams, his former girlfriend or common-law
wife. By a single point of error, he argues that the evidence supporting
his conviction was insufficient. Specifically, Darryl contends that he
acted in self-defense because Cheryl struck him first and her sister
LaTasha was also attacking him, that he was too drunk to have the
requisite mens rea, and that the evidence was insufficient to show that
he was the one who used the knife in the attack. We overrule these
arguments and affirm the trial court's judgment.

 To commit the offense of aggravated assault, a person:

 (1) intentionally, knowingly, or recklessly

 (2) commits an assault that either

 (3) causes serious bodily injury or

 (4) is effected by use of a deadly weapon. 

Tex. Pen. Code Ann. § 22.02 (Vernon 1994); Gonzales v. State, 762
S.W.2d 583, 585 (Tex. Crim. App. 1988). 

 In a legal sufficiency review, we view the evidence in a light most
favorable to the verdict to determine whether a rational trier of fact
could have found the essential elements of the crime beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318 (1979);
Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). When
reviewing the factual sufficiency of the evidence, we view all the
evidence without the prism of "in the light most favorable to the
prosecution" and set aside the verdict only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and
unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). 
The jury, as the trier of fact, is the exclusive judge of the credibility of
the witnesses and of the weight to be given their testimony. Tex. Code
Crim. Proc. Ann. art. 38.04 (Vernon 1979); Penagraph v. State, 623
S.W.2d 341, 343 (Tex. Crim. App. [panel op.] 1981). The jury, as the
sole judge of the weight and credibility of the evidence, is free to accept
or reject any or all of the evidence presented by either party. Wilkerson
v. State, 881 S.W.2d 321, 324 (Tex. Crim. App. 1994).

 Prior to the incident giving rise to this prosecution, Cheryl had
obtained a restraining order against Darryl and had found a new
boyfriend, Michael Coleman. Cheryl was in the process of moving out
of her apartment when Darryl appeared. Cheryl asked Darryl to leave,
but he refused. All of the witnesses agreed that Darryl was drunk. 
Cheryl testified that Darryl hollered at her that he was going to kill her,
and "if he couldn't have me, nobody could." Cheryl testified that
LaTasha, who was helping her move her things, yelled at her that
Darryl was coming through the apartment with a knife, and when
Cheryl turned around Darryl stabbed her in the face. Cheryl testified
that LaTasha then came and tried to pull Darryl away, and the three of
them struggled for awhile with Darryl continuing to stab and cut her
with the knife. Darryl left when he realized that the police had been
called. Cheryl testified that, although Darryl was drunk, she believed he
"knew what he was doing," and acted intentionally.

 LaTasha testified that she heard screaming coming from inside
Cheryl's apartment and went inside to investigate. She found Darryl
swinging a knife at Cheryl, and tried to grab Darryl and pull him away. 
She testified that she thought Darryl was going to kill Cheryl.

 Michael Coleman, who was also present to help Cheryl move,
testified that he also saw Darryl cutting Cheryl with a knife, and that he
thought Darryl was acting intentionally.

 Darryl testified that he had drank two twenty-four ounce cans of
beer before coming to see Cheryl, and acknowledged that, given his
small physical stature, that was probably enough to intoxicate him. He
insisted that Cheryl initiated the physical confrontation by slapping him
first. He admitted that he slapped her back, but denied ever using a
knife against her. He also denied threatening her. Darryl testified that
LaTasha grabbed him from behind and dug her fingernails into him, and
that he had cuts and deep bruises as a result of the struggle. He
acknowledged that he had a knife with him and that the knife may have
come out during the struggle and cut Cheryl, but he denied intentionally
pulling out the knife or intentionally using it against Cheryl. He
admitted that he could have stabbed Cheryl "accidentally." He testified
that, because he had been drunk at the time, his memory of the events
was "hazy."

 The jury was free to disbelieve Darryl's testimony that he did not
intentionally use a knife against Cheryl and to believe the testimony of
Cheryl, LaTasha, and Michael Coleman that Darryl did intentionally use
a knife against Cheryl. Wilkerson v. State, 881 S.W.2d at 324. 
Furthermore, the jury was free to believe the witnesses who testified
that Darryl was the aggressor, and that Cheryl and LaTasha struggled
against Darryl only to try to stop Darryl's attack.(1) Darryl's argument
that he was too drunk to have acted intentionally, knowingly, or
recklessly must fail because, under Texas law, voluntary intoxication is
not available as a defense to negate the mens rea element of a criminal
offense. Tijerina v. State, 578 S.W.2d 415, 417 (Tex. Crim. App. 1979).

 We conclude that the testimony offered by Cheryl, LaTasha, and
Michael Coleman was sufficient for a rational jury to determine beyond
a reasonable doubt that Darryl was guilty, and the jury's determination
of guilt is not so contrary to the overwhelming weight of the evidence
as to be clearly wrong and unjust. The judgment of the trial court is
affirmed.

 MELCHOR CHAVEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 31st day of August, 2000.





1. Darryl also did not request a jury instruction or jury question
on self-defense.